PIERCE, Chief Judge.
Upon petition of Larry J. Dennis, this court on November 17, 1970, issued Rule to respondent director to show cause before this court why Dennis’s petition for writ of habeas corpus should not be granted as prayed. In due course respondent director filed his response to the show cause order.
In a previous appearance of this case in this court, in an opinion by Judge Mann, it was noted that Dennis’s notice of appeal was dated June 4, 1969, seeking to review a judgment and sentence of the Pinellas County Circuit Court entered on May 8, 1969. The notice of appeal was unnecessarily notarized on June 4, 1969. The envelope in which the notice of appeal was mailed to the Circuit Clerk was postmarked June 12, 1969, after the time for appeal had expired. We held that this Court, therefore, was without jurisdiction to entertain the appeal irrespective of whether “the untimely filing” was “attributable to Dennis or to the negligence of personnel in the Division of Corrections.” The appeal was accordingly dismissed.
In the instant proceeding Dennis in his petition for writ of habeas corpus sets forth that the notice of appeal “was drawn on June 4, 1969”; that Dennis “not knowing of the lack of necessity for notarization of said Notice of Appeal, did have his Notice of Appeal notarized by one Cunningham, a Notary Public of the State of Florida and an employee of the Department of Health and Rehabilitative Services, a State agency”; that he, Dennis, “left said Notice of Appeal with Mr. Cunningham after the State official represented to the Petitioner that he would mail Petitioner’s Petition the day of notarization, June 6, 1970”; that “through neglect of his duty or for other reasons unknown to the Petitioner,” Cunningham failed “to mail said Notice of Appeal”; that “by virtue of his position and power, said official did cause the State of Florida to participate in denial of the privilege of appeal to this Petitioner which is, in effect, denial of the constitutional rights guaranteed by the equal protection and due process clauses of the Fourteenth Amendment of the Constitution of the United States of America”, by virtue of which facts “Petitioner is being restrained of his liberty by the Respondent in violation of the Constitution * * * »
If the failure of Dennis’s notice of appeal to get filed within the requisite period was not attributable to any negligence on the part of Dennis himself and if Cun *183 ningham was such a State official or State agent so that the negligence on his part, if any, would be considered as “State action”, a serious question might exist, under prior decisions of the Florida appellate courts, as to whether his appeal could not in fact be considered by this Court by way of habeas corpus. But the facts must first be established.
Accordingly, Honorable Charles M. Phillips of the Pinellas County Circuit Court is hereby appointed Commissioner for this Court, with authority to take such testimony and receive such evidence as may be adduced before him on behalf of the petitioner and also respondent Director with all reasonable dispatch, and to forthwith report the same back to this Court, together with his findings and recommendations thereon. Said Commissioner is also authorized to appoint counsel to represent petitioner in further proceedings herein. All costs properly incurred incident to such proceedings shall be borne by the county of Pinellas. This cause will be held in abeyance here pending filing of such report and recommendations.
LILES and MANN, JJ., concur.